**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE MILTON CROSS,

Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent-Appellee.

No. 12-6298

(W.D. of Okla.)

(D.C. No. 5:12-CV-00039-D)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Lawrence Cross seeks a certificate of appealability (COA) to appeal the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. The petition alleges a constitutional defect in the guilty plea he entered in Oklahoma state court. While we construe Cross's filings liberally because he is proceeding *pro se*, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we conclude the district court properly denied his petition.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Accordingly, we DENY the request for a COA and DISMISS the appeal.

## I. Background

Lawrence Cross was charged in Oklahoma state court with three counts of drug distribution, one count of drug possession with intent to distribute, and one count of possessing a firearm during the commission of a felony. The information charging Cross stated that the drug distribution counts each carried a prison sentence ranging from two years to life. Cross had several prior felony convictions, including rape and aggravated assault. He entered a blind plea with the government, whereby the government promised to drop the drug possession count while the court would retain complete discretion to impose the appropriate sentence on the remaining counts.

At the plea hearing, the court inquired into the factual basis of Cross's plea and whether Cross was capable of entering a plea knowingly and voluntarily. Cross did not personally fill out the Summary of Facts on a Plea of Guilty form. But he answered yes when the court asked him whether he had reviewed each of the questions on the form with his attorney; Cross's attorney signed a certification on the form stating he had reviewed the form with Cross; and Cross's signature was on the same form. Cross also told the court that he understood the punishment range for each offense. The form indicated that Cross faced a sentence range from six years to life for each drug distribution charge. The court accepted Cross's plea. At a subsequent sentencing hearing, the court imposed a

sentence of thirty years' imprisonment for each drug distribution count, to be served consecutively, and a sentence of twenty-five years' imprisonment for the weapons possession count, to be served concurrently—for a total sentence length of ninety years.

Six days after the sentencing hearing, Cross filed a motion to withdraw his guilty plea on the grounds that (1) his attorney did not explain the consequences of pleading guilty; (2) Cross did not know the sentencing range; (3) his attorney did not explain other options to pleading guilty; and (4) his attorney was not prepared to go to trial.

The trial court held a hearing on Cross's motion to withdraw. At the hearing, represented by new counsel, Cross testified that his attorney did not inform him of the range of punishment he faced or the alternative to pleading guilty. Cross further maintained that at sentencing he answered yes to the court's questions only because his lawyer had told him to do so, not because his answers were truthful. Finally, Cross claimed the medications he was taking at the time of his plea impaired his judgment. On cross-examination, Cross insisted that he could not read when the prosecutor presented him with a copy of the information charging him. Cross also admitted that he had several prior felony convictions resulting from plea deals, and that this "ain't my first rodeo." R., Vol. II at 133. A jail nurse testified that Cross was taking various medications, including an

antipsychotic, at the time he entered his guilty plea, but that she had no record that Cross had experienced any adverse effects from the medications.

The trial court ultimately denied Cross's motion. The court noted that Cross had answered in the affirmative all the pertinent questions posed by the court during the plea colloquy. Accordingly, the court found that Cross had entered his plea knowingly and voluntarily, with knowledge of the consequences.

Cross filed a petition for a writ of certiorari to the Oklahoma Court of Criminal Appeals. The court denied the petition. It concluded that the trial court did not abuse its discretion in denying Cross's motion, as "there was no evidence that Cross did not enter his guilty plea knowingly and voluntarily." R., Vol. I at 31.

Cross then filed a petition for habeas corpus under 28 U.S.C. § 2254 in district court. In his petition, Cross claimed his guilty plea was not entered knowingly or voluntarily because he did not understand (1) the punishment range for the offenses, (2) the factual basis of the offenses, and (3) the nature of the proceedings against him due to his antipsychotic and antidepressant medications. In addition, he claimed (4) he was coerced into pleading guilty because his attorney was not prepared to go to trial. The petition was referred to a magistrate judge, who reviewed the filings and issued a report and recommendation. The magistrate judge recommended denying the petition because there was sufficient

evidence in the record showing that Cross had entered a plea knowingly and voluntarily, with knowledge of the charges' factual basis and sentencing ranges.

The district court adopted the magistrate judge's report in full. The court noted there was no evidence that Cross's medications had affected his behavior or judgment, or that he was otherwise incompetent to enter a plea. Accordingly, the court denied Cross's petition.

Cross then filed a motion to vacate the district court's order, attaching as exhibits records of mental health treatment from 2007 to 2009. The district court denied the motion, concluding that none of the records demonstrated that Cross lacked the necessary mental capacity at the time he entered his guilty plea.

Cross now seeks a COA to appeal the district court's denial.

## II. Analysis

A state prisoner seeking habeas relief under § 2254 must obtain a COA to appeal a district court's denial of his petition. To obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Cross's central constitutional claim is that his due process rights were violated when he was prevented from withdrawing a guilty plea that he had entered without the requisite knowledge and voluntariness. Because the merits of

this claim were addressed in state court, we review the state court's decision under the deferential standard of the Anti-Terrorism and Effective Death Penalty Act of 1996. We may not overturn a state court decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Guilty pleas are valid only if they were entered knowingly and voluntarily. *Bradshaw v. Stumpf*, 545 U.S. 175, 182–83 (2005). To satisfy this standard, the defendant must know the nature of the charges against him as well as the likely consequences of his plea. *Id.* A defendant must also be competent to enter a guilty plea, but the standard for competence to enter a guilty plea is the same as the standard for competence to stand trial. *Godinez v. Moran*, 509 U.S. 389, 399 (1993).

In light of these standards, we conclude Cross's constitutional claims have no merit. He has presented no evidence showing that his judgment was impaired at the time he entered his guilty plea. At the plea hearing, Cross answered no when the court asked him whether he was taking any drugs that then impaired his judgment, and answered yes when the court asked him whether he was competent. While Cross now claims the drugs he was taking at the time—the antidepressant Celexa and the antipsychotic Risperdal—affected his judgment, a jail nurse

testified that there were no records Cross had suffered a negative reaction or exhibited abnormal behaviors while taking these drugs. Moreover, the transcript from the plea hearing does not support Cross's contentions; his answers were generally lucid with minimal signs of confusion. To be sure, in light of Cross's mental health records, it is clear Cross falsely represented to the court during the hearing that he had never been treated for a mental illness. But those records do not show he was incompetent at the time he entered his guilty plea. Consequently, Cross cannot prove that his medications rendered him incompetent or incapable of making a knowing and voluntary choice to plead guilty.

There is also no merit to Cross's claim that he misunderstood the charges. The record shows he knew he was pleading guilty to drug distribution. At the plea hearing, Cross answered yes when the court asked both whether he had distributed crack cocaine on November 25, 2009 and whether he understood the charges against him. And the Summary of Facts accompanying his guilty plea—which Cross's attorney filled out in Cross's presence, and which Cross attested to understanding—noted that selling crack cocaine was the basis of the distribution counts. In light of Cross's responses at the plea colloquy, and without any evidence to the contrary, we must conclude that Cross was fully informed of the charges.

For similar reasons, we cannot conclude that Cross did not know the punishment range of the charges filed against him. The information, which he

admits receiving, describes the punishment range for drug distribution as two years to life. (Due to his prior felonies, the minimum was bumped up to six years.) Furthermore, Cross's Summary of Facts listed the punishment range as six years to life. Then, at the plea hearing, Cross answered affirmatively when the court asked him whether he knew the punishment range. While the court did not explicitly state the applicable range in posing the question to Cross (allowing the existence of some ambiguity), we must presume, on the record before us, that Cross knew the range of punishment. Other than mere assertion, there is no evidence supporting Cross's claim or contradicting the record, such as an affidavit from Cross's original attorney stating that he misinformed Cross about the true sentence range. Cross's claim at the withdrawal hearing that he cannot read, and thus was unable to read either the Summary of Facts or the information, is belied by his handwritten filings in this court. The record—the Summary of Facts, the information, and the plea colloquy—supports the state court's conclusion that Cross entered his guilty plea knowingly and voluntarily.

Nor is there sufficient evidence to demonstrate that Cross was coerced into pleading guilty due to his attorney's lack of preparation for a possible trial. During the withdrawal hearing in the trial court, Cross presented no witnesses or substantive testimony to support this claim. The only supporting testimony was Cross's assertion that his attorney was not prepared because "he come in late" and "didn't know what was going on." R., Vol. II at 123. But Cross did not raise

this objection at his plea hearing when the court asked him whether he was entering his guilty plea on "your own free will for the reason that you are guilty." R., Vol. II at 95. The court at the plea hearing reminded Cross of his right to proceed to trial and his right to appointed counsel. Had Cross truly felt rushed into a plea for fear of his counsel's poor performance at trial, Cross likely would have raised that objection during his plea colloquy. Because he did not, and because there is no other evidence supporting his claim, we cannot conclude that counsel's alleged lack of preparation rendered Cross's guilty plea involuntary or unknowing. Accordingly, no reasonable jurist could disagree with the district court's resolution of Cross's claims.

In his filings challenging the district court's order, Cross also appears to raise a freestanding ineffective assistance of counsel claim related to his counsel's failure to present mitigating evidence on Cross's mental health at sentencing. None of these arguments were presented in Cross's habeas petition to the district court, nor were they raised in state court on his direct appeal. As a result, we decline to reach them.

## III.  Conclusion

Having concluded that no reasonable jurist could disagree with the district court's order, we DENY Cross's request for a COA and DISMISS the appeal. But because Cross's appeal appears to have been taken in good faith, we GRANT

Cross's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge